IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLO SCIENCE, INC. <br> a Delaware Corporation <br> 10 W 37th Street, Suite 1001 <br> New York, NY  10018 <br><br> Plaintiff, <br><br> v. <br><br> SmileDirectClub, LLC <br> a Tennessee Corporation <br> 414 Union Street, 8th Floor <br> Nashville, TN  37219 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )  Civil Action No. _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**

GLO SCIENCE, INC. (hereinafter, "Plaintiff" or "GLO SCIENCE") files this Complaint against Defendant SmileDirectClub, LLC (hereinafter, "Defendant" or "SmileDirect"), and alleges as follows:

**THE PARTIES**

1.  GLO SCIENCE is a corporation duly incorporated in the State of Delaware having a place of business at 10 West 37th Street, Suite 1001, New York, New York 10018.  GLO SCIENCE is doing business in this District.

1

2.      GLO SCIENCE is the exclusive licensee of JBL RADICAL INNOVATIONS, LLC ("JBL"), a Delaware limited liability company having a place of business at 923 Fifth Avenue, New York, New York 10021, for inventions covered by U.S. Patents at issue in this civil action as described in greater detail hereinafter.

3.      Upon information and belief, SmileDirect is duly incorporated in the State of Tennessee having a corporate address at 414 Union Street, 8th Floor, Nashville, TN  37219.

4.      Upon information and belief, SmileDirect operates retail outlets for its business at locations within the jurisdiction of this Court including located at 242 5th Avenue, New York, NY  10001; 8 W 126th Street, New York, NY  10027; 135 E 57th Street, New York, NY  10022; and 349 Avenue of the Americas, New York, NY  10014.

5.      Upon information and belief, SmileDirect makes, uses, offers to sell and/or sells mouthpieces at their retail outlets identified in paragraph 4 above, and elsewhere including within the jurisdiction of this Court, which infringe certain patents owned by JBL and which JBL exclusively licenses to GLO SCIENCE as will be described in greater detail hereinafter.

## NATURE OF THE ACTION

6.      This is an Action for patent infringement arising under the patent laws of the United States including 35 U.S.C. §§ 271, 281, 283, 284, 285 and 289.

## JURISDICTION AND VENUE

7.      This is an Action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, 35 U.S.C. § 271 *et seq.*

8.      This Court has jurisdiction over the subject matter of this Action under 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant is doing business in this District, have committed acts of infringement in this District, and have caused harm or tortious injury in this District by their acts therein, as covered by New York's Long-Arm Statute, N.Y. Civ. Pract. L. R. § 302.

10. Venue properly lies in this District under 28 U.S.C. § 1400(b) because Defendant is subject to personal jurisdiction in this District, and because Defendant has committed acts of infringement in this District, and has regular and established places of business in this District as identified in paragraph 4 above.

## FACTUAL BACKGROUND

11. JBL is the owner of U.S. Patent No. D636,074 (hereinafter, the "'074 patent"), issued April 12, 2011 from application Serial No. 29/363,728, filed June 14, 2010. The '074 patent remains in full force and effect. The '074 patent is attached as Exhibit 1.

12. GLO SCIENCE is the exclusive licensee of the '074 patent.

13. The '074 patent covers the ornamental appearance of a mouthpiece.

14. JBL is the owner of U.S. Patent No. D765,255 (the '255 patent), issued on August 30, 2016 from application Serial No. 29/492,179, filed on May 29, 2014. The '255 patent remains in full force and effect. The '255 patent is attached as Exhibit 2.

15. GLO SCIENCE is the exclusive licensee of the '255 patent.

16. The '255 patent covers the ornamental appearance of a mouthpiece.

17. Upon information and belief, Defendant has been and is actively marketing and promoting tooth whitening mouthpieces at its retail outlets identified in paragraph 4 above, and elsewhere including within the jurisdiction of this Court. The mouthpieces are virtually identical

in appearance to the mouthpieces claimed in the '074 and '255 patents. Attached as Exhibit 3 are photographs of Defendant's infringing mouthpieces (the "Infringing Products").

18. Upon information and belief, Defendant provides tooth whitening services at its retail outlets that include use of the Infringing Products.

19. Upon information and belief, Defendant intends to begin selling the Infringing Products in 2018 and, in anticipation of that "roll-out" has been distributing samples of the Infringing Products in Manhattan at various events. Upon information and belief, Defendant has placed an order for approximately 100,000 units of Infringing Products from a manufacturer in China called Nanchang Dental Brite Technology, Ltd.

20. Defendant has infringed and continues to infringe the '074 patent and '255 patent by, at minimum, making or authorizing others to make the Infringing Products, using them at its retail outlets identified in paragraph 4 above, offering to sell the Infringing Products, and gearing up to sell the Infringing Products as shown in Exhibit 3, throughout the United States including in this judicial District.

21. Plaintiff actively manufactures, markets and distributes tooth whitening mouthpieces covered by JBL's patents. Attached as Exhibit 4 are photographs of Plaintiff's mouthpieces covered by JBL's patents. Given the virtually identical appearance between Plaintiff's mouthpiece and the Infringing Products, upon information and belief, Defendant's infringement is deliberate, willful, wanton, and intentional.

22. As proof of willful infringement, in 2015, Plaintiff and Defendant began engaging in negotiations in connection with a proposed agreement in which Defendant would distribute Plaintiff's patented mouthpieces. Negotiations continued into 2016 and in October 2016,

Defendant purchased Plaintiff's patented mouthpieces from Plaintiff. As recently as May 2017, Defendant was displaying Plaintiff's patented mouthpieces at their corporate headquarters in Tennessee. However, instead of consummating the agreement that was being negotiated, Defendant caused the Infringing Products to be manufactured and has begun distributing samples of them (see Exhibit 3) within the jurisdiction of this Court. Upon information and belief, Defendant intends to soon begin to sell those mouthpieces in locations including within the jurisdiction of this Court.

23. Defendant has caused and will continue to cause Plaintiff substantial damages and injury including Plaintiff's loss of unique product positioning and lost profits due to lost sales of its systems including the patented mouthpieces by virtue of Defendant's past and continuing infringement of the '074 and '255 patents.

24. Plaintiff will suffer further damage and injury unless and until Defendant is enjoined by this Court from continuing such infringement. The damage caused by Defendant is irreparable and cannot be adequately compensated for solely in monetary damages.

## COUNT I

### (Infringement of the '074 Patent by Defendant

25. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-24.

26. Defendant has been and is now infringing the '074 patent by making or by authorizing others to make, using, offering for sale, and/or importing into the United States, including in this District, the infringing mouthpieces and, upon information and belief, intends to begin selling the infringing mouthpieces in early 2018.

27. Upon information and belief, and after a reasonable opportunity for further investigation or discovery, it is likely the evidence will show that Defendant's acts of infringement have been made with full knowledge of the '074 patent particularly since it issued over five years ago. Such acts constitute willful and deliberate infringement, entitling Plaintiff to enhanced damages and attorneys' fees.

28. As a consequence of Defendant's infringement, Plaintiff has been irreparably damaged, to an extent not yet determined, and will continue to be irreparably damaged by such acts in the future unless Defendant is enjoined by this Court from committing further acts of infringement.

29. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement, which in no event can be less than a reasonable royalty, as well as for lost profits.

## **COUNT II**

**(Infringement of the '255 Patent by Defendant)**

30. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-29.

31. Defendant has been and is now infringing the '255 patent by making or by authorizing others to make, using, offering for sale, and/or importing into the United States, including in this District, the infringing mouthpieces and, upon information and belief, intends to begin selling the infringing mouthpieces in early 2018.

32. Upon information and belief, and after a reasonable opportunity for further investigation or discovery, it is likely the evidence will show that Defendant's acts of infringement have been made with full knowledge of the '255 patent particularly since the mouthpiece covered by the '255 patent has been actively and extensively marketed by GLO

SCIENCE as exclusive licensee of JBL.  Such acts constitute willful and deliberate infringement, entitling Plaintiff to enhanced damages and attorneys' fees.

33. As a consequence of Defendant's infringement, Plaintiff has been irreparably damaged, to an extent not yet determined, and will continue to be irreparably damaged by such acts in the future unless Defendant is enjoined by this Court from committing further acts of infringement.

34. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement, which in no event can be less than a reasonable royalty, as well as for lost profits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(A) That this Court enter Judgment that the '074 patent has been infringed by Defendant (35 USC § 271(a)) and that such infringement has been willful.

(B) That this Court enter Judgment that the '255 patent has been infringed by Defendant (35 USC § 271(a)) and that such infringement has been willful.

(C) That this Court issue an injunction, permanently enjoining Defendant and its officers, agents, subsidiaries, successors, employees, representatives, and assigns from further patent infringement (35 USC § 283).

(D) That this Court award damages to Plaintiff adequate to compensate Plaintiff for all acts of infringement by Defendant (35 USC § 284) including for lost profits (35 USC § 289).

(E) That this Court award damages in the amount of Defendant's total profits realized for the infringing mouthpieces (35 U.S.C. § 289).

(F) That the damages awarded be increased up to three times as provided for in 35 U.S.C. § 284 concerning patent infringement.

(G)  That the Court find this case "exceptional" under 35 U.S.C. § 285 and that, accordingly, the Court award Plaintiff their attorneys' fees.

(H)  That Plaintiff be granted pre-judgment interest pursuant to 35 U.S.C. § 284 and post-judgment interest pursuant to 28 U.S.C. § 1961 continuing thereafter until such judgment is paid, on the damages caused by reason of the acts of Defendant as set forth above.

(I)  That Plaintiff be granted an award of increased damages in an amount not less than three times the amount of damages found by the jury or assessed by this Court, for Defendant's willful and wanton acts of infringement, pursuant to 35 U.S.C. § 284.

(J)  That Plaintiff be awarded their costs and expenses in this action pursuant to 35 U.S.C. § 284.

(K)  That the Court order Defendant to deliver to Plaintiff all infringing mouthpieces and their packaging as well as all mouthpiece and packaging molds, templates and proofs for destruction.

(L)  That the Court order Defendant to identify the manufacturer of its infringing mouthpieces including their location and the location of any molds or other tooling employed in manufacturing the mouthpieces and creating their packaging.

(M)  That this Court grant Plaintiff such other and further relief as it may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 5th day of December, 2017.

                                                       Respectfully submitted,

By:   s/David B. Sunshine
        David B. Sunshine (DS 0973)
        COZEN O'CONNOR
        277 Park Avenue
        New York, New York 10172
        (212) 883-4900 (phone)
        (212) 986-0604 (facsimile)
        dsunshine@cozen.com

        H. Jay Spiegel (*pro hac vice* to be filed)
        H. JAY SPIEGEL & ASSOCIATES
        Va. Bar No. 20647
        P.O. Box 11
        Mount Vernon, Virginia 22121
        (703) 619-0101 (phone)
        (703) 619-0110 (facsimile)
        jayspiegel@aol.com

        Attorneys for Plaintiff
        GLO SCIENCE, INC.